Good morning, ladies and gentlemen. Thanks for appearing virtually and hopefully in the next few months we can see you in person. This is the time set for the argument in the case of the United States v. Ferguson. You may proceed. Good morning, Your Honors. Can you hear me? We can. Attorney Mondew for Mr. Ferguson. In preparing for this argument, I printed out both Garduno and Fuentes, and I literally placed the papers side by side. And when I crossed out all the impediments, such as medical history, mental health, language, when I crossed those out, I was left with the language on the law of Rule 11, voluntariness, that transferred over to Garduno-Diaz. The same law, the same language, and matter of fact, Garduno-Diaz cites to Fuentes-Galvez. And the reason I say that is because I believe the very same results should apply to Mr. Ferguson's case. He is but one in a line that came out of the Tucson District Court with that magistrate judge. Actually, in his case, he was never asked if he was pleading voluntarily or because of threats or promises, where both Fuentes and Garduno were at least asked, were they pleading voluntarily? That was not that in this case. Second, in both Fuentes and Garduno, they entered into plea agreements within which there were a place where they had to agree that they were pleading voluntarily and without any threats. However, when you distill down those decisions, that did not bar finding all four prongs of plain air. What would you argue in this record provides a reasonable possibility to suggest that Mr. Ferguson, that the lack of this questioning affected his guilty plea? Because obviously, Fuentes-Galvez does discuss some facts that the court there thought relevant. So which facts would you point to here in this record? Well, Your Honor, first off, what the law says is he doesn't have to make a showing on that whatsoever. It's because simply the failure of being denied the constitutional questions that are required, he has made that showing. But if I was to speculate, because I never have believed I had to show that under this error, he was one of three co-defendants, three of them pleading guilty all at once, one of them under a plea agreement, Mr. Ferguson and Mr. Freisen without. There is no way to tell, nor could the magistrate judge tell, whether Mr. Ferguson was pleading forced, coerced by the other ones instead of fighting it. We don't know that answer, because that didn't happen. But I still maintain under both Fuentes-Galvez and Cardinal Diaz, this court has found, and it's precedent, that when this type of error occurs, he doesn't have to show that he wouldn't do it. He was entitled to, under the Constitution, to be asked these questions, especially even though he wasn't asked a whole host of questions, medical, education, under the influence. These two are core. And by establishing... And counsel, how can you maintain that Fuentes-Galvez governs this case where they were very clear that its ruling was based on the significant mental challenges that Mr. Fuentes faced? And I'm quoting here, these bare-bone justifications are not enough to establish voluntariliness in light of Fuentes-Galvez's significant mental challenges and the magistrate judge's complete lack of inquiry into whether the plea was coerced by any threats or promises. So there, it's all about the mental challenges that the defendant faced. Here, there's no allegation of any diminished competency at all. In fact, I believe your client went to college and has a successful employment and education. So how does that apply? Well, if we look at that Fuentes-Galvez was simply decided based on Mr. Fuentes-Galvez's impairments, which he had many, I'm not disputing. Matter of fact, I admit, I was the lawyer on Fuentes-Galvez who filed an amnesty. And I have been tasked to... I mean, I have learned my lesson from that. And one of the reasons I did that, because even though I read of his impairments, I looked at the plea agreement and said, well, he admitted it in here. I mean, I guess he spoke to his lawyer. Apparently this was okay. And then he answered it in court, but that wasn't enough. Do I believe that wasn't enough? Do I believe his impediments caused the decision? And the answer is no, because there's nothing in the record I could find on Garduno that indicated he had any of the same impediments. And Rule 11 doesn't say, unless you speak English perfectly well, we don't have to do this. Right. I think Garduno is a non-precedent opinion. And certainly it's persuasive authority, but it's not binding on us. So I think the question for us is, do we adopt the language in Garduno and say it's inherently prejudicial? Or do we construe Fuentes-Galvez to say, look, there has to be not only plain error, but there has to be some indication in the record that it affected substantial rights. So it's plain error plus, as opposed to just plain error and structural error. I mean, I think that's the issue before us. Absolutely, Your Honor. And I say that Garduno-Diaz is the exact... Garduno-Diaz, even though it's persuasive only, it came from the same magistrate judge, the same errors. And in this case, if Mr. Ferguson's appeal would have been tracking right behind these three on the day that the panel heard both immediately one after the other, I still say Ferguson should get the same result. And actually, whether he was first, second, or... I believe Fuente is always going to be first, but whether Mr. Ferguson was second or third after Fuente, the result is the same because he has shown the error. Counsel, how do you square that with the plain text of Rule 11-H, where it says, any variance from this requirement is subject to harmless error? That wasn't the case in Fuente. If you say that it was only because of his medical impairments, we're clearing an exception out only for those who can demonstrate mental impairment. And Your Honors, may I save some rebuttals? Oh, certainly, certainly. Thank you. Yeah. We'll hear from the government. Good morning, Your Honors. My name is Terry Crist for the United States. Can you hear me? Yes. This is not a structural error case. The defendant is required to show a violation of substantial rights, and the law is clear from the United States Supreme Court that requires a showing of actual prejudice, a reasonable probability that but for Rule 11 error, the defendant would not have entered into the plea. The defendant here cannot make that showing. Not only has the defendant not... Let me interrupt you there. I mean, how can a defendant make that showing in this context? I mean, the panel that reversed in but if there's a plain error in Rule 11, how do you show it affected rights? Because you have to go outside the record. Well, I think Fuentes is an example of how you would have to make that showing. The evidence the court largely drew on there came from the pre-sentence report, and the evidence I think here that shows that we don't have a case of involuntariness or maybe part of the issue. But I would stress that the Supreme Court has said that plain error is meant to be a difficult standard to meet because we want to encourage defendants to raise their objections timely. And there's, of course, a worry of gamesmanship if you bring up an issue for the first time on appeal and then argue, well, the record isn't conclusive when the defendant could have made a better record below. So I think the difficulty for a defendant to meet that standard on appeal is a feature, not a bug. And I think when you do look at the record in this case, you have not only a silent record, which would be inconclusive, but you have something better. You have positive evidence to show that this particular defendant did not enter an involuntary or an incompetent plea. If you look at his background, he had a good education. He had English proficiency, no mental health, behavioral, educational issues. And on top of all that, the Supreme Court in Dominguez-Benedez stressed that the strength of the government's case is relevant in determining whether a defendant would have entered the plea. And here the evidence is very strong. You have DNA evidence. The troubling thing on, not to interrupt, but a troubling thing on appeal is with the lack of questioning on voluntariness and competence and so forth, we don't have a record to support the fact that it was voluntary. And do you think hypothetically that one could accept a plea without going through any of the Rule 11 colloquy and that which should be sustained on appeal because it's not plain error? I think that you'd have to go through the analysis to look at the point of Rule 11 if we can just dispense with it and say, well, he pled guilty and we don't see anything on the record that would contradict the voluntariness. Well, I think the point of Rule 11, of course, is to ensure that there's a fair trial and sentencing, but we only want to reverse according to the Supreme Court when it is at least a reasonable probability that a bare fact that you have a failure to ask the right questions is not itself a violation of substantial rights. That generally isn't enough to meet the reasonable probability standard. You need something more in the record. And that court actually rejected a test that the Ninth Circuit had been using at the time, which asked, was this an important error or was this a minor error? And if it seemed like an important error, then they were reversing cases and the Supreme Court said, no, that's not good enough. You need to look at the actual record in that several of the cases that the defendant cites here for the proposition that when a issue goes to the core of Rule 11, we might have per se prejudice. Those all predate Dominguez-Benedez. Dominguez-Benedez, if it wasn't a change in the law, it was at least a firm statement that the Supreme Court is interested in actual prejudice when it comes to Rule 11 plain error review. I take it you are not the trial attorney, right? No, Your Honor. I mean, I think, and this is outside the scope of the case, but there's some obligation in the United States if they see the district court is making an error in Rule 11 that they should stand up and say, Judge, we need to complete the Rule 11 colloquy because, you know, when we educate district judges, magistrate judges, I mean, you're drilled on the Rule 11. They give them the requirements. So that has nothing to do with your argument, and you weren't the trial attorney, but I'm just saying if in your office, if you see an error in a Rule 11 colloquy, then the United States can protect itself by trying to correct the judge or reminding the judge. So that's just an aside. It has nothing to do with the merits of this case, but it is a little bothersome. Counsel, I understand why Your Honor's... Yeah. I'm sorry? Judge Womate has a question. Sorry, yeah. I didn't know if that was a question, but does the United States concede that it was a Rule 11 error, or are you suggesting that it somehow complied with the rules? I don't know if this court really even needs to decide the question because the issue of prejudice is so plain. It's very easy to say there was no prejudice in this case, but... I'm pressing you on it. What would you say? I think the judge could have asked more questions and it would have been helpful, but ultimately it wasn't prejudicial and the defendant has the burden to show that prejudice. And certainly we don't have a reasonable probability of prejudice in this case. And as I was saying, that's clear from the pre-sentence report. You have all the factors showing that he has no mental issues. He speaks several times, both to the probation department and at the sentencing hearing. He seems to understand English well. He expresses remorse repeatedly. He even admits his guilt. And given the overwhelming evidence of his guilt that the Supreme Court has found to be particularly probative in the prejudice analysis, I think we can be confident that in this case he's pleading guilty out of a sense to avoid trial, get leniency, something like that, and not respond to a force or a threat or something undue. And at the same time, I think the features of his background show that a lack of incompetence. It's particularly striking when you compare it to Fuentes. Fuentes is particularly concerned about the defendant having vulnerable factors in his background. None of the things that Fuentes discusses are present here. And that's not creating an exception where certain defendants are just going to have a harder time getting reversal on appeal. What it really means is that certain defendants are less likely to be prejudiced by errors. And at the end of the day, this court reverses prejudicial errors and we don't have a per se rule. And finally, I would stress that Garduno is not precedential. And Garduno, to the extent that it finds per se prejudice, is inconsistent both with the Fuentes case, which actually applied a prejudice analysis, but more importantly with Dominguez-Benedez, which expressly rejects the sort of analysis that Garduno used. So for these reasons, we respectfully request that this court affirm the district court's judgment. Thank you. Rebuttal. The government actually wants to engage in retrograde examination to find out what Mr. Ferguson was thinking prior to standing before the magistrate judge and at the time. And I just rule 11 requirements were specifically adopted to avoid having to speculate and engage in retrograde mind reading with regard to an individual defendant's state of mind and circumstances at the time of the plea. I examined the sentencing transcripts. I plugged in a word search for the word voluntary, for the word education, for the word medical, and I found none. The government has not faced, this is the third time, same magistrate judge, they had as much obligation as trial counsel to ensure justice was done. And to say that because Mr. Ferguson went to school, and certainly I'm not claiming he's any way... Can I ask, would there have been any opportunity for, I'm not sure, you represented him below, to put any prejudice on the record? So the opposing counsel, I mean, the government says that we could figure out prejudice from the PSR. Why couldn't that happen here? Well, number one, the PSR has absolutely no indication that with three co-defendants, and two of them pleading straight up that there was some, was not some type of coercion or threat or force or feeling, I have to go along with this. It needed to be on the record. Mr. Ferguson, are you pleading voluntarily? Then we'd know, but we don't. You have the opportunity to withdraw, the move to withdraw the plea, correct? If his counsel would have been apt enough to even know that the judge didn't do the Rule 11. Right, right. But I mean, that remedy was available. It's often, the pleas aren't, it's very rarely successful, but you can, counsel could have moved to withdraw the plea. And I expect that probably there's a remedy under 2255, right? I have, there's no way in my mind counsel would have, could she have moved to withdraw if she'd been astute enough to know that it was a Rule 11 hearing that was so bare bones, it was three defendants in 13 minutes. Whether he would have been, you know, had that happened, and I'm speculating here, I think it would have been granted. Yeah, so I mean, the point of plain error is to allow the district court or the magistrate judge to assess the error and address it because counsel's called the error to his or her attention. And there was at least one voluntarily. Oh, I see what you're, yeah, excuse me. You're asking me if after the plea hearing, did he have an epiphany moment where he goes, that wasn't voluntary. And my response would be, I haven't spoken to him specifically about this. No, I don't want you to go outside the record. I'm just saying, wasn't there an opportunity after the hearing for counsel to have pursued the withdrawal of the plea saying, look, my client wants to withdraw his plea. He didn't understand the Rule 11 colloquy was defective. And he doesn't think it was voluntary. I mean, would you agree that that remedy exists? Only if counsel herself paid attention and knew that the plea Rule 11 hearing was deficient. Okay. Only then. Our questions have taken you over your time. And we thank both of you for your arguments this morning. And the case just started to be submitted for decision. Thanks again.
judges: Thomas, Bress, Bumatay